UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ATTORNEY LYNN HUBBARD III,<br><br>Respondent. | Case No. 12-CV-1975 L (WMc)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART RESPONDENT'S MOTION FOR DISCOVERY**<br><br>[ECF No. 19] |

**I. INTRODUCTION**

On October 1, 2012, Respondent Attorney Lynn Hubbard ("Hubbard") filed a Motion for Discovery in the above-entitled matter in accordance with the September 18, 2012 Minute Order of the Honorable M. James Lorenz. [ECF Nos. 17, 19.] Petitioner, the Standing Committee on Discipline of the United States District Court of the Southern District of California ("Standing Committee"), filed its opposition to the motion on October 15, 2012. [ECF No. 22.] As ordered by Judge Lorenz on September 18, 2012, the motion was referred and taken under submission by the Honorable William McCurine, Jr., upon receipt of the Standing Committee's opposition brief. [ECF No. 17.] After careful consideration of the parties' briefing, the Court **DENIES IN PART AND GRANTS IN PART** Respondent's Motion for Discovery.

///

///

///

## II.  BACKGROUND

On August 9, 2012, the Standing Committee filed a Petition under Civil Local Rule 83.5(e), requesting the Court issue an Order to Show Cause to Hubbard requiring him to show cause why he should not be found to have engaged in unprofessional conduct and suspended from the practice of law in the United States District Court of the Southern District of California for one year. [ECF No. 1.]  The Standing Committee contends Hubbard misled the Court and opposing counsel about the death of his client, who also happened to be his mother, in connection with settling an Americans with Disabilities Act matter before Magistrate Judge William V. Gallo. [ECF Nos. 1, 22.]  Specifically, the Standing Committee alleges in Count One of the Petition that: (1) Hubbard sent opposing counsel a settlement agreement purportedly signed by his mother on December 9, 2009 without disclosing his mother died on November 13, 2009; and (2) misled the Court and opposing counsel at a February 25, 2010 settlement conference into believing his mother signed the settlement agreement before she died. [ECF No.1, at pp. 2-3.] Counts Two and Three of the Petition allege Mr. Hubbard led opposing counsel to believe his mother was alive at the time signed settlement documents were submitted to opposing counsel . [ECF Nos. 1, 22.]

On August 31, 2012, the Standing Committee filed a statement in conjunction with the hearing on the District Court's Order to Show Cause. [ECF No. 7.]  In the hearing statement, the Standing Committee explained its Petition was supported by the entire court file in the underlying case, including the findings of Judge Gallo's June 13, 2011 Order after Order to Show Cause; therefore, no formal discovery was needed by the parties.  *Id.* at 7:15-19.  In addition, the Standing Committee indicated it did not intend to file dispositive motions before a hearing on the merits of its Petition.  *Id.*

On October 1, 2012, Hubbard filed the instant Motion for Discovery.  [ECF No. 19.]  In the motion, Hubbard argues it is necessary for him to depose the percipient witnesses to the February 24, 2010 settlement conference because it was unrecorded.  Specifically, Hubbard contends his right to due process requires the deposition of: (1) Judge Gallo, (2) opposing

counsel in the *Plaza Bonita* matter[1] - David Peters, and (3) Judge Gallo's law clerk in order to develop facts for impeachment as well as to establish the context in which Hubbard's allegedly misleading statements were made. *Id.* at 2:8-15.

In the Standing Committee's opposition brief, filed October 15, 2012, it argues the depositions Hubbard seeks are unnecessary, would result in the collection of cumulative undisputed facts and would only seek to delay the case. The Standing Committee also notes that although the February 25, 2010 settlement conference before Judge Gallo was not recorded, the October 12, 2010 hearing on Judge Gallo's Order to Show Cause as to why Hubbard should not be sanctioned for his alleged misconduct in the *Plaza Bonita* matter *was* reported. At the OSC hearing, Judge Gallo made a detailed record of the misrepresentations made by Hubbard and indicated the misrepresentations were compiled from notes Judge Gallo made during the settlement conference. [*See* Case No. 3:09cv01581-JLS-WVG at ECF No. 200, at 4:22-5:2.] Following the October 12, 2010 OSC hearing, the parties were allowed to submit supplemental briefs for the Court's consideration. On June 13, 2011, Judge Gallo issued a sanctions order and again identified statements which the Court found misleading and explained why the Court found them misleading. [*See* Case No. 3:09cv01581-JLS-WVG at ECF No. 218.] On June 23, 2011, Hubbard filed written objections to Judge Gallo's sanctions order with the U.S. District Judge presiding over the *Plaza Bonita* case, the Honorable Janis L Sammartino. The Standing Committee argues Hubbard expressly admitted in his objections brief to Judge Sammartino that he made the three statements on which Count One of the Petition is based.[2] As a result, the Standing Committee contends no additional facts need to be developed, only argument concerning the reasonableness of Judge Gallo's impressions upon hearing the statements (arguments which Hubbard would be free to make without additional evidence). The Standing

---

[1] *Hubbard v. Plaza Bonita, L.P. et al.,* Civ. No. 09cv1581 JLS (WVG).

[2] The unchallenged misleading statements recounted in Hubbard's objections brief are as follows: (1) "Attorney Hubbard told Magistrate Gallo on February 25, 2010 that he had heard that his mother was 'gravely ill'." [ECF No. 219-1 at 5:10-11]; (2) "Attorney Hubbard told Magistrate Gallo on February 25, 2010, that his mother, Barbara, had signed numerous blanks (sic) settlement agreements, which the parties and court agree were never used." [ECF No. 219-1 at 5:20-22]; and (3) "On February 25, 2012, attorney Hubbard informed Magistrate Gallo that he was considering substituting another client (Chris Kohler) or his father (Lynn) as the plaintiff in this case...." [ECF No. 219-1 at 6:18-20.]

Committee urges the Court to deny Hubbard's request for the depositions of Judge Gallo, his law clerk and opposing counsel in the *Plaza Bonita* matter.

### III. STANDARD OF REVIEW

Under Civil Local Rule 83.5(e), entitled "Original Disciplinary Investigations and Proceedings Initiated in This Court", a disciplinary "proceeding must be governed by the Fed. R. Civ. P." The Ninth Circuit has noted that where a local rule makes the Federal Rules of Civil Procedure applicable to disciplinary proceedings, Rule 26(b) of the Federal Rules of Civil Procedure is made applicable and the district court lacks the authority to bar discovery summarily. *See Standing Committee on Discipline of U.S. Dist. Court for Cent. Dist. Of California v. Yagman*, 55 F.3d 1430, 1435, fn. 8 (9th Cir. 1995).

Accordingly, as directed by Local Rule, the Court must apply the Federal Rules of Civil Procedure to this matter, including Rule 26(b), which governs the scope and limits of discovery in this disciplinary proceeding. Rule 26(b)(1) states:

> "Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Fed. R. Civ. P. 26(b)(1).

In addition, Rule 26(b)(2) states:

> "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (I) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive... (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."

Fed. R. Civ. P. 26(b)(2).

### IV. DISCUSSION

#### A. The Deposition of Judge Gallo and His Staff May Not be Taken

As a general rule, a judge may not be compelled to testify concerning the mental processes he used to formulate judgments or perform official duties. *United States v. Morgan*, 313 U.S. 409, 422, 61 S.Ct. 999, 85 L.Ed. 1329 (1941); *Grant v. Shalala,* 989 F.2d 1332, 1344-

45 (3d Cir. 1993). "[O]nly in the most extraordinary of cases, such as a strong showing of bad faith or improper behavior by a judge or quasi-judicial officer or where circumstances were such to overcome the presumption of regularity as to the acts of the decision maker, may a judge be questioned as to matters within the scope of his adjudicative duties." *U.S. v. Roebuck*, 271 F. Supp.2d 712, 718 (D. Virgin Islands 2003) (citing *United States v. Ianniello*, 740 F.Supp. 171, 178 (S.D.N.Y. 1990))(citing *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S. Ct. 814, 28 L. Ed. 2d 136 (1971), *KFC Nat'l Mgmt. Corp. v. Nat'l Labor Relations Bd.*, 497 F.2d 298 (2d Cir. 1974); *Beverly v. United States*, 468 F.2d 732, 743 (5th Cir. 1972)). Notwithstanding the general rule, "a judge may be called to testify to relevant *matters of fact* that do not probe into or compromise the mental processes employed in formulating the judgment in question." *U.S. v. Roebuck*, 271 F. Supp.2d at 718 (emphasis added) (citing *Standard Packaging Corp. v. Curwood, Inc*., 365 F. Supp. 134, 135 (N.D. Ill. 1973)).

The behavior of Judge Gallo is not at issue here and Respondent has no defense or claim based on bias, impropriety or an irregularity in the proceedings of the underlying *Plaza Bonita* case that would justify a deposition. As no extraordinary circumstances have been shown, the Court finds Respondent is not entitled to take the deposition of Judge Gallo. In addition, the requested deposition of Judge Gallo appears targeted at the very thing case law prohibits, namely, Judge Gallo's mental processes and reasoning. The *relevant facts* can be obtained through Judge Gallo's written rulings and by the discovery allowed below. Furthermore, the burden on the judicial system outweighs Respondent's need to depose Judge Gallo in light of the record and the discovery allowed below. *See* Fed. R. Civ. Proc. 26(b)(2)(C)(I) and (iii).

Finally, the subject incident took place as a settlement proceeding, specifically, a settlement disposition conference. Such conferences are rarely, if ever, on the record for very obvious reasons. Parties are encouraged to be frank. Candor is paramount. Parties and counsel often make frank assessments of their cases, knowing their disclosures are not discoverable. The settlement process is a vital part of the efficient administration of justice. If attorneys and parties feared that judges (or their staff) could be deposed regarding what occurred or was said at settlement conferences, our civil justice system would be compromised, settlement conferences

would be hindered or rendered ineffective and our court system could be overwhelmed by civil lawsuits that could be resolved only by trial.  Therefore, Respondent's motion for the deposition of Judge Gallo is **DENIED**.

Similarly, Respondent's motion to take the deposition of Judge Gallo's law clerk is **DENIED.**  Judicial law clerks perform legal research, writing and other tasks at the direction of their judge and the law clerk assigned to the *Plaza Bonita* matter would have been privy to the thought processes employed by Judge Gallo in formulating the Order to Show Cause proceedings and sanctions order.  Respondent may not circumvent the general rule restricting discovery of a judge's decision-making process by deposing his law clerk.

A deposition of Judge Gallo's law clerk (or Judge Gallo himself) would be unreasonably burdensome and duplicative of the facts set forth during the October 12, 2010 hearing on the Order to Show Cause, Judge Gallo's detailed written sanctions order and the court's docket in this case.  The material facts as they are known by Judge Gallo and his chambers are documented and conveniently available to Respondent in the court's public record.

### B.  Respondent May Take A Limited Deposition of Opposing Counsel

The Petition in this case sets forth three counts of unprofessional conduct based on allegations by the Standing Committee that Hubbard misled the Court and opposing counsel - David Peters, about the death of his client in connection with settling an action and that Hubbard's conduct should result in a year-long suspension from the practice of law.  Specifically, Count One of the Standing Committee's Petition rests on statements Hubbard made at an unrecorded settlement conference conducted before Judge Gallo on February 25, 2010.  Hubbard contends the deposition of Attorney Peters is needed to discern the context in which Hubbard's own statements were made at the February 25, 2010 conference and to develop facts helpful to test the reliability of David Peters' recollection or his credibility at trial.  To the extent David Peters was present at the time Hubbard made alleged misrepresentations to Judge Gallo during the February 25, 20120 settlement conference, Hubbard is entitled under Rule 26(b)(1) to depose Mr. Peters about the context and the content of statements made by Hubbard at the settlement conference.  Hubbard's stated purpose of investigating the context of discussions had

at the settlement conference, including opposing counsel's participation in the discussions, and how contextual factors may have contributed to any alleged misrepresentations is relevant to a defense that Hubbard's statements were not, in actuality, misleading.  Accordingly, Respondent's motion for the deposition of David Peters is **GRANTED**.  The deposition shall be limited to the following topics:

(1) the context of the February 25, 2010 settlement conference;

(2) statements made by Hubbard and Peters at or before the February 25, 2010 settlement conference concerning settlement; and,

(3) the preparation and signing of the subject written settlement agreement.

The deposition of attorney Peters shall not take more than three (3) hours.  Colloquy between counsel and breaks shall not be included in the 3 hour time limit.

## IV.  CONCLUSION AND ORDER THEREON

In light of the foregoing, the Court **DENIES in part and GRANTS in part** Respondent's Motion to Permit Discovery.  Respondent is prohibited from taking the deposition of Judge Gallo and his law clerk assigned to the *Plaza Bonita* matter.  Respondent may depose Attorney David Peters as described herein.

**IT IS SO ORDERED.**

DATED: October 24, 2012

Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court