1
2
3
4
5
6
7
8
9
10  UNITED STATES DISTRICT COURT
11  SOUTHERN DISTRICT OF CALIFORNIA
12
13  IN RE ATTORNEY LYNN HUBBARD   )   Case No. 12-cv-1975-L(WMc)
    III,                          )
14                                )   **ORDER DENYING RESPONDENT'S**
              Respondent.         )   ***EX PARTE* MOTION FOR LEAVE**
15                                )   **TO FILE MOTIONS [DOC. 26]**
                                  )
16                                )
                                  )
17                                )
                                  )
18  ─────────────────────────────  )

19      On August 8, 2012, the Standing Committee on Discipline ("Committee") petitioned the
20  Court for an order to show cause why Respondent Lynn Hubbard III should not be suspended
21  from the practice of law in the Southern District of California for a period of one year for
22  unprofessional conduct. (Doc. 1.)  The petition is based on allegations that Respondent made
23  misleading statements to the Court and engaged in deceptive conduct towards opposing counsel
24  in the underlying action, *Hubbard v. Plaza Bonita, L.P., et al.*, No. 09-cv-1581-JLS(WVG).
25      On August 27, 2012, the Court issued the order to show cause. (Doc. 6.)  That order
26  required Respondent to personally appear and respond to the petition on September 10, 2012.
27  The United States Marshals Service served Respondent's counsel on August 29, 2012 (Doc. 10),
28  and Respondent on September 12, 2012 (Doc. 14).

After the Court granted Respondent a short continuance, it held the hearing on September 18, 2012.  During the hearing, Respondent's counsel made an oral request to stay this proceeding pending the outcome of a parallel California State Bar proceeding.  That request was denied.  However, the Court granted Respondent limited leave to file a supplemental brief addressing his request to stay so that he may preserve the record for appeal; the Committee was also granted leave to file a supplemental brief to respond to Respondent's.  Respondent's counsel also stated that this is a fact-intensive proceeding that requires the testimony of several people involved in the events that led to the filing of the Committee's petition.  Finally, the Court set several dates for the parties, including the date for the bench trial that is set to begin on December 18, 2012.

**I.    ANALYSIS**

Respondent now moves *ex parte* for leave to file motions to dismiss, stay, or transfer venue.  Respondent bases his request on language in Civil Local Rule 83.5(e), which governs disciplinary investigations and proceedings in this district, that states "[e]xcept as otherwise provided by local rule, the proceedings must be governed by the Fed. R. Civ. P."  Specifically, Respondent argues that "the Federal Rules Civil Procedure explicitly requires a party to move to transfer venue or suffer from a waiver, (Fed. R. Civ. P. 12(b)(3)) . . . . [A] party is also allowed to move for judgment on the pleadings, (Fed. R. Civ. P. 12(c)); move to dismiss the lawsuit for failure to state a claim upon which relief can be granted, (Fed. R. Civ. P. 12(b)(6)); [and] move for summary judgment, (Fed. R. Civ. P. 56)[.]"[1]  (Resp't's Mot. 1:21–2:2; 2:14–18.)  In other words, Respondent appears to be arguing that this proceeding should be in strict compliance with the Federal Rules of Civil Procedure.

Rule 12(a), which governs the time to serve responsive pleadings, provides, in pertinent part, that "[u]nless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows: . . . [a] defendant must serve an answer . . . within 21 days

---

[1] Respondent also includes requests based on Rule 26, but the Court finds those requests moot given that he was granted leave in a written order issued on October 24, 2012 by United States Magistrate Judge William McCurine, Jr. to conduct limited discovery.  (Doc. 24.)

after being served with the *summons and complaint*[.]" Fed. R. Civ. P. 12(a)(1) (emphasis added).  It is unclear whether this petition is equivalent to complaints contemplated by the Federal Rules of Civil Procedure.  However, for the sake of argument, assuming that they are equivalent, then Respondent must have filed his motions under Rules 12(b)(3) and 12(b)(6) no later than 21 days after being served with this petition.  Based on the September 12, 2012 date when Respondent was served—as opposed to the August 29, 2012 date when Respondent's counsel was served—his deadline to file an answer or any Rule 12(b) motions is October 3, 2012.  To date, Respondent has not filed an answer, and has only attempted to file motions under Rule 12(b) as early as October 11, 2012 (Doc. 20).  Consequently, any answer or motions under Rule 12(b) are untimely.  Moreover, strictly applying the Federal Rules of Civil Procedure entitles the Committee to request and the Clerk of the Court to enter an entry of default under Rule 55(a) based on Respondent's failure to answer or otherwise respond to the petition in a timely manner.

     Motions under Rule 12(c) for judgment on the pleadings are only available after the pleadings are closed, but early enough not to delay trial.  Fed. R. Civ. P. 12(c).  Setting aside the fact that Respondent did not timely file any responsive pleadings, it is too late to permit Respondent to file a Rule 12(c) motion because such a motion would very likely delay trial.  *See id.*

     Finally, permitting Respondent to file a summary-judgment motion would also not be in strict compliance with the Federal Rules of Civil Procedure, particularly because he did not file an answer to the Committee's petition.  *See* Fed. R. Civ. P. 56.  Aside from that, Respondent orally disputed most if not all of the material facts during the September 18, 2012 hearing.  *See id.; Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Therefore, the record before the Court shows that deciding the merits of the allegations against Respondent would not be appropriate for summary judgment, but should rather be adjudicated at trial as scheduled.

//
//
//

## II. CONCLUSION & ORDER

In light of the foregoing, and in the interest of justice, permitting Respondent to file motions to dismiss, stay, or change venue is unwarranted. Permitting Respondent to do so at this point would lead to procedural irregularities that could result in Respondent being unable to defend himself in this disciplinary proceeding because it would also require the Court to apply the Federal Rules of Civil Procedure in the strictest manner. After all, Respondent cannot pick and choose to apply only particular rules that work to his advantage.

Accordingly, the Court **DENIES** Respondent's *ex parte* motion for leave to file motions to dismiss, stay, or transfer venue. That said, as the Court previously stated, Respondent may file a supplemental brief—*not a motion*—presenting his arguments in support of his request for a stay by **November 5, 2012** for the purpose of preserving his record for appeal. The scope of that supplemental brief is strictly limited to Respondent's request for a stay pending the outcome of the California State Bar proceeding; if Respondent exceeds that scope, the brief will be stricken from the docket. Additionally, if it chooses to do so, the Committee may file a supplemental brief in response to Respondent's brief by **November 19, 2012**.

**IT IS SO ORDERED**.

DATED: October 29, 2012

M. James Lorenz
United States District Court Judge

COPY TO:

HON. WILLIAM MCCURINE, JR.
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL