UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ATTORNEY LYNN HUBBARD III,<br><br>            Respondent. | Case No. 12-cv-1975-L(WMc)<br><br>**ORDER RE: ORDER TO SHOW CAUSE** |

    On December 13, 2012, the Court issued an Order to Show Cause ("OSC") why Attorney Lynn Hubbard III should not be sanctioned for his failure to comply with the Court's Trial Management Order after he failed to timely file his final witness and exhibit lists as ordered. (Doc. 38.) On the same day, Mr. Hubbard filed his final witness and exhibit lists in addition to a response to the OSC. (Doc. 39.) In his response, Mr. Hubbard explains that his attorney Russell Handy is handling the final preparations for the bench trial, but Mr. Handy did not receive the Electronic Case Filing ("ECF") notices. Mr. Hubbard's other attorney David C. Carr—who presumably did receive the ECF notices—believed that Mr. Handy was "handling those issues." Mr. Hubbard adds that the oversight was inadvertent and apologizes for the mistake. (Resp't's Resp. 1:23.)

Civil Local Rule 5.4(a) defines the scope of electronic case filing in this district. That provision states the following:

> Except as prescribed by local rule, order, or other procedure, **the Court has designated all cases to be assigned to the Electronic Filing System**. Unless otherwise expressly provided in the Court's Electronic Case Filing Administrative Policies and Procedures Manual, the Court's Local Rules, or in exceptional circumstances preventing a registered user from filing electronically, as of November 1, 2006[,] **all petitions, motions, memoranda of law, or other pleadings and documents required to be filed with the Court by a registered user in connection with a case assigned to the Electronic Filing System must be electronically filed**. Unless otherwise ordered by the Court, all attorneys admitted to practice before the Southern District of California must register for Electronic Case Filing.

Civil L.R. 5.4(a) (emphasis added); *see also* ECF Admin. Policies & Procedures § 1(f). A registered user "is an individual who has been issued a login and password by the court to electronically file documents." ECF Admin. Policies & Procedures § 1(d). "Registration in the CM/ECF system for the purpose of electronic service of pleadings and other papers is mandatory for attorneys." *Id.* § 1(f). As a registered user, Mr. Handy should have associated himself with this case through CM/ECF. Filing a Notice of Association of Counsel was insufficient. *See* Civil L.R. 5.4(a); ECF Admin. Policies & Procedures § 1.

As the Standing Committee on Discipline astutely notes, "Mr. Hubbard's failure to comply with this Court's Trial Management Order is only the latest in a series of filings from Mr. Hubbard in the four-month history of this matter in which he has failed to follow the Court's rules, this Court's orders, or both." (Pet'r's Response 2:1–3.) Nonetheless, given that Mr. Hubbard has only one witness besides himself and no exhibits, the Court will not impose sanctions here. Consequently, the Court accepts Mr. Hubbard's untimely final witness list.

**IT IS SO ORDERED**.

DATED: December 17, 2012

                                                        M. James Lorenz
                                                        United States District Court Judge

COPY TO:
HON. WILLIAM MCCURINE, JR.
UNITED STATES MAGISTRATE JUDGE
ALL PARTIES/COUNSEL